UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-62149-KMM

ERIC JOHN HORACIUS,

   Petitioner,

v.

ANNE CATHERINE RICHARD,

   Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION TO COMPEL**

THIS CAUSE comes before the Court upon Petitioner's Motion to Compel Production of Respondent's Immigration/Asylum Records (the "Motion") (ECF No. 20). United States District Judge K. Michael Moore has referred the Motion to the undersigned for appropriate disposition. *See* (ECF No. 21). After review of the facts of this case, relevant case law, and applicable federal statutes and regulations, the Motion is **GRANTED** for the reasons set forth below.

**I.**  **BACKGROUND**

In November 2023, Petitioner filed a Petition for Return of Minor Child to Canada, alleging that Respondent wrongfully retained the parties' minor child in Florida. *See* (ECF No. 1). In defense, Respondent asserts that "the child is now well-settled in her new environment" and should therefore not be returned to Canada. (ECF No. 19 at 14) (Respondent's Answer and Affirmative Defenses). According to Respondent, she "is in the application process for permanent resident status . . . [and] [t]he child is not under threat of removal." *Id.* at 16.

In the current Motion, Petitioner seeks to compel Respondent to produce all documents and communications submitted and received in connection with her efforts to obtain legal status

in the United States, arguing that Respondent's and the child's immigration status is "relevant in determining whether Respondent has established the well-settled defense." (ECF No. 20 at 2, 3). Respondent objects to producing these documents "to the extent . . . [Petitioner] seeks documents related to <u>her</u> efforts to obtain legal status through asylum proceedings, which commenced **after** the alleged wrongful retention." (ECF No. 27 at 2) (emphasis in original). Respondent also points out that the parties have stipulated that Respondent has a pending application for temporary status/green card before the United States Citizenship and Immigration Service, so any documents related to her asylum proceedings are "wholly irrelevant." *Id.* at 3.

## II.     DISCUSSION

The Motion is granted for several reasons. First, the asylum application is directly relevant to Respondent's "well-settled" defense, regardless of whether the immigration or asylum applications were filed before or after the alleged wrongful retention. *See Garcia v. Padilla*, No. 2:15-CV-735-FTM-29CM, 2016 WL 881143, at *4 (M.D. Fla. Mar. 8, 2016) ("Asylum is one of the ways to lawfully stay in the United States, and the likelihood of the asylum application succeeding is directly relevant to whether the Mother may prevail on her 'well-settled' defense."); *De Jesus Joya Rubio v. Alvarez*, 526 F. Supp. 3d 1186, 1202-03 (S.D. Fla. 2021) (noting that courts consider several factors in analyzing the "well-settled" exception, including the child and parent's immigration status, residential stability, and the extent to which the child maintains ties with the country of habitual residence); *Lopez v. Alcala*, 547 F. Supp. 2d 1255, 1260 (M.D. Fla. 2008) ("[T]he uncertain immigration status of a parent and her child is a factor suggesting that a child is not settled."). Even purportedly confidential documents, if relevant, are not immune from discovery. *See Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 692 n.5 (S.D. Fla. 2011); Fed. R.

Civ. P. 26(b)(1) ("Information within [the broad] scope of discovery need not be admissible in evidence to be discoverable.").

Second, although the Court is sensitive to the confidentiality generally afforded to asylum applications and related documents, *see, e.g.*, 8 U.S.C. § 1367; 8 C.F.R. § 208.6, this is not such a circumstance. For example, the confidentiality provision in 8 U.S.C. § 1367 precludes disclosure solely by the Attorney General, Department of Justice, Department of State, and Department of Homeland Security. Similarly, 8 C.F.R. § 208.6 authorizes disclosure of otherwise confidential asylum information upon written consent of the applicant or to any federal, state, or local court considering any legal action "[a]rising from the proceedings of which the asylum application . . . is a part." *See* 8 C.F.R. §§ 208.6(a), (c)(2)(ii). Although Respondent has chosen not to consent to disclosure of the requested documents, the documents are clearly relevant to this federal court proceeding.

### III.   CONCLUSION

Accordingly, Petitioner's Motion to Compel Production of Respondent's Immigration/Asylum Records is **GRANTED**. Furthermore, in an abundance of caution and in an effort to protect Respondent's privacy, by **January 5, 2024**, the parties must file a proposed Joint Confidentiality Order to govern the disclosure and limited use of the requested immigration/asylum documents in this action. Thereafter, Respondent must produce the documents to Petitioner by **January 9, 2024**.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida on January 4, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge K. Michael Moore
     All Counsel of Record